No. 26,527.

B. STRONG (MABEL STRONG, Successor in Interest of B. Strong, *Appellant*) v. THE ALEXANDER MILLING COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

SALES—*Confirmation of Oral Contract—Effect of New Condition in Confirmation.* The parties to an oral negotiation for the purchase and sale of a car of corn exchanged confirmations. The buyer's was a letter stating he confirmed the contract and setting out its terms. The seller's was a printed form with blanks filled in to the same effect, but containing sixteen printed paragraphs, fourteen of which were upon the back of the document, although referred to òn its face. One of these paragraphs contained a new condition to the effect that if the seller failed to make delivery at the time contracted for he might still deliver on the same terms at any time prior to notice of cancellation. It is held that the buyer's omission to reply to the seller's confirmation did not render him liable for refusing the corn after the seller had failed to deliver it within the time agreed upon, although he had not given notice of cancellation.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed March 6, 1926. Affirmed.

*J. Graham Campbell* and *Ray. Campbell,* both of Wichita, for the appellant.
*C. W. Roberts,* of Winfield; for the appellee.

The opinion of the court was delivered by

MASON, J.:   B. Strong (whose interests have passed to Mabel Strong) and the Alexander Milling Company entered into an arrangement by telephone under which the former was to ship to the latter a car of corn by March 22. Strong failed to make the shipment within that time but undertook to fill the contract on March 27. The milling company refused to receive it. Strong sued the company for the refusal, basing his claim on the ground that in a confirmation, to which no objection had been made, he had added a provision to the contract that if he did not fill the order within the time agreed upon he might fill it at any time before he received a notice to cancel. A demurrer to the plaintiff's evidence was sustained, and the appeal is from that ruling.

The plaintiff's confirmation was in the form of a printed document headed "Sale Contract," with blanks which were filled in accordance to the terms agreed upon. Fourteen provisions were

Sales, 35 Cyc. p. 53 n. 47.

printed on the back of the document and referred to on the front. One of them gave the seller the privilege of shipping after the time contracted for at any time before he should have notice of cancellation. The defendant did not reply to this confirmation, but had already sent a letter of confirmation of its own which stated the terms of the contract, to which the plaintiff made no reply. We think the demurrer to the evidence was rightly sustained. It is not claimed that the provision on which the plaintiff relies was a part of the original oral contract. We see no reason why the failure of the defendant to reply to the plaintiff's confirmation should have any greater effect than the plaintiff's failure to reply to the defendant's. For the plaintiff it is argued that his confirmation was in accordance with the general custom and the defendant's was not. He testified that his blank was the kind customarily used in the grain trade, "all having blank spaces to be filled out and all having a certain amount of printed rules and directions on them, the printed matter on the confirmations of different dealers varying somewhat." The defendant's letter began, "This is to confirm purchase"—giving the terms. It was no less effective for being all in typewriting, with no printed "rules and directions." The circumstance that the terms it stated agreed with the same items in the plaintiff's confirmation does not affect the matter. The terms stated made a complete contract, and the adding of new terms by the plaintiff in his confirmation was as much a departure from the contract shown by the defendant's confirmation as though the time of delivery named had been altered. There is room to doubt whether the printing of fourteen "rules and directions" on the back of a confirmation blank is fairly within the spirit of the practice of interchanging confirmations. At all events a plain and concise statement of the terms of the agreement is such a confirmation that the other party cannot evade its effect by sending one complicated by a printed code of his own devising. It may be noted that the buyer's confirmation involved in *Strong v. Thurston,* 107 Kan. 368, 191 Pac. 575, authorized him to extend the contract (in the absence of an express countermand) on the seller's failure to deliver. Here the seller reserves a similar privilege to himself in case of his own default.

The present case differs from *Hayes v. Cardwell,* 107 Kan. 556, 192 Pac. 757, where as here each party sent a confirmation, the two

differing somewhat, in this: There one of the parties at once notified the other of his objection. Here neither did. It differs from *Strong v. Thurston,* supra, in that there only one of the parties sent a confirmation.

The judgment is affirmed.